917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RONALD FRANCIS SMART, Petitioner-Appellant,
v.
WILLIAM D. LEEKE, Commissioner, South Carolina Department of
Corrections; ATTORNEY GENERAL OF SOUTH CAROLINA,
Respondents-Appellees.
 No. 90-6511
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: October 5, 1990
Decided: November 9, 1990
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Clyde H. Hamilton, District Judge. (CA-85-225-3)
 ARGUED: David Isaac Bruck, Columbia, South Carolina, for Appellant.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald Francis Smart is seeking habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. He alleges that the jury instructions on reasonable doubt given during his trial in state court violated his due process rights, primarily by reducing the government's burden of proof. At different times during the trial, the judge defined reasonable doubt as "a substantial doubt," "a doubt for which a person honestly seeking to find the truth can give a reason," "a serious or strong and well-founded doubt," and as "one where, in the search of the truth, you can give a reason for your decision." Because the charge does not violate the appellant's due process rights, we affirm the district court's denial of habeas corpus.
 
 
 2
 We have admonished trial courts "to avoid defining reasonable doubt unless requested by the jury, because of the risk that the definition will create confusion and impermissibly lessen the required burden of proof." United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987). Nevertheless, a trial court's attempt to define reasonable doubt is not per se reversible error. Smith v. Bordenkircher, 718 F.2d 1273, 1278 (4th Cir. 1983).
 
 
 3
 In habeas corpus review of jury charges, alleged constitutional violations are evaluated "in the context of the overall charge." Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). Consequently, an error that is compensated by an otherwise correct charge will not invalidate the charge. Porter, 821 F.2d at 972-73. In rare instances the trial court's charge may so alter "the self-evident meaning" of reasonable doubt, Murphy v. Holland, 776 F.2d 470, 475 (4th Cir. 1985), that the jury is misled by the instruction, thereby violating due process. Monk v. Zelez, 901 F.2d 885, 890-91 (10th Cir. 1990).
 
 
 4
 The jury instructions here do not present such a case. Although, as the district court noted, some were "ill-advised," the instructions do not rise to the level of constitutional violation. We previously upheld a charge that required jurors to be able to articulate a reason before there can be reasonable doubt. Bordenkircher, 718 F.2d at 1278. Therefore the charges that reasonable doubt is "a doubt for which a person honestly seeking to find the truth can give a reason" or that it is "one where, in the search of the truth, you can give a reason for your decision" do not per se justify issuance of the writ.
 
 
 5
 The trial court's charge that a reasonable doubt is "a substantial doubt" must be read in the context of the sentence in which it appeared. The "substantial doubt" was used as a contrast to a "whimsical" or "imaginary" doubt. Similarly, the charge that reasonable doubt requires "a serious or strong and well-founded doubt" was used as a contrast to a "weak or a slight doubt." When such language, used to contrast adjectives describing doubt, is viewed in context, it appears "more accurate than when viewed in 'artificial isolation' and [is] not likely to 'mislead the jury into finding no reasonable doubt when in fact there was some.' " Bordenkircher, 718 F.2d at 1277 (quoting Holland v. United States, 348 U.S. 121, 140 (1940)).
 
 AFFIRMED